UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHERI S.,

                          Plaintiff,

      - v -                                    Civ. No. 3:18-CV-192
                                                               (DJS)

NANCY A. BERRYHILL, *Acting Comm'r of
Soc. Sec.*,

                        Defendant.

**APPEARANCES:**                             **OF COUNSEL:**

LACHMAN, GORTON LAW FIRM      PETER A. GORTON, ESQ.
Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY  13761

U.S. SOCIAL SECURITY ADMIN.       KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GENERAL COUNSEL
 - REGION II
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

**DANIEL J. STEWART
United States Magistrate Judge**

# DECISION AND ORDER[1]

    Currently before the Court, in this Social Security action filed by Sheri S. against

the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 7 & General Order 18.

Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 10 & 11. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **granted** and Defendant's Motion for Judgment on the Pleadings is **denied**, and the matter is **remanded** for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on August 11, 1981. Dkt. No. 8, Admin. Tr. ("Tr."), p. 31. Plaintiff reported completing twelfth grade. Tr. at p. 32. She has past work experience as a cashier and as a home health aide, a housekeeper, and a teacher's aide, and is a certified nursing assistant. Tr. at pp. 32-34 & 213-14. Plaintiff alleged disability due to Fibromyalgia, kidney problems, diabetes, and anxiety. Tr. at p. 53.

### B. Procedural History

Plaintiff filed for Supplemental Security Income and Disability Insurance Benefits on June 13, 2014, claiming an inability to work as of July 7, 2013, and a date last insured of December 31, 2018. Tr. at pp. 53 & 164. Plaintiff was denied benefits, and after holding a hearing and a supplemental hearing, ALJ Elizabeth W. Koennecke found Plaintiff was not disabled on March 8, 2017. Tr. at pp. 79, 28-52 & 10-27. After the Appeals Council denied Plaintiff's request for review of the determination, she commenced an action in this Court. Tr. at pp. 1-5; *see* Dkt. No. 1.

### C. The ALJ's Decision

In her decision, the ALJ first found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018, and had not engaged

in substantial gainful activity since July 7, 2013, the alleged onset date. Tr. at p. 16. The ALJ next found that Plaintiff had the following severe impairment: chronic renal calculi. *Id.* The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically considering Listings under 6.00, Genitourinary Disorders. Tr. at p. 19. The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels except two times per year the claimant will need to use the restroom every hour during the workday. In addition, two times per year, the claimant would be off-task more than fifteen percent, but less than twenty percent, of the workday." *Id.* Next, the ALJ found that Plaintiff was capable of performing past relevant work as a home health aide, which does not require the performance of work-related activities precluded by the RFC. Tr. at p. 21. Finally, the ALJ found Plaintiff had not been under a disability from July 7, 2013, through the date of her decision. *Id.*

### D. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff contends that the ALJ erred by substituting her opinion for the opinion of the psychiatric medical opinions in the record. Dkt. No. 10, Pl.'s Mem. of Law, pp. 9-13. Specifically, Plaintiff contends that the ALJ's finding that Plaintiff's mental health conditions are not severe, and finding that they did not cause any limitations, was contrary to the medical sources' opinions. *Id.* Second, Plaintiff contends that the ALJ substituted her opinion for that of Plaintiff's treating physician regarding her limitations resulting from stress incontinence and history of urinary calculi, particularly

3

as to limitations to Plaintiff's work pace and attendance. *Id.* at pp. 13-21. Next, Plaintiff contends the ALJ violated the treating physician rule in evaluating Dr. Tan's opinion. *Id.* at pp. 21-22. Plaintiff additionally argues that the ALJ failed to include any limitations to sitting, standing, or reaching, despite significant supporting evidence and medical opinions in the record. *Id.* at pp. 22-23. Plaintiff next contends that the ALJ's credibility determination was flawed. *Id.* at pp. 23-24. Finally, Plaintiff contends that the ALJ's finding that Plaintiff can perform past work was not supported by substantial evidence, and that she did not meet her burden at Step Five to demonstrate that there is other work that Plaintiff can perform. *Id.* at p. 24.

In response, Defendant contends that the ALJ's determination that Plaintiff did not have a severe mental impairment was supported by substantial evidence in the record. Dkt. No. 11, Def.'s Mem. of Law, pp. 3-7. Defendant contends that the ALJ properly evaluated the medical opinions, choosing between conflicting evidence, and did not substitute her opinion for that of Plaintiff's physicians. *Id.* at pp. 7-14. Defendant argues that the ALJ properly found that Plaintiff's subjective complaints were not entirely credible based upon the record evidence. *Id.* at pp. 14-16. Finally, Defendant contends that the Step Four decision was supported by substantial evidence, and there was therefore no need for the ALJ to conduct a Step Five analysis. *Id.* at pp. 16-17.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford

the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520 & 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A. The ALJ's Analysis of Plaintiff's Psychological Conditions

Plaintiff contends that the ALJ's finding that Plaintiff's mental health conditions are not severe, and finding of no limitations therefrom, was contrary to the medical sources' opinions. Pl.'s Mem. of Law at pp. 9-13. In determining the severity of Plaintiff's mental impairments, the ALJ considered the four factors required by 20 C.F.R. §§ 404.1520a(c) & 416.920a(c). In so doing, the ALJ found that Plaintiff was only mildly limited in relation to: understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace, and found no limitation in adapting or managing oneself. Tr. at pp. 17-18. Pursuant to the regulations, a finding of mild or less for each factor supports a finding that the impairment is not severe. 20 C.F.R. §§ 404.1520a(d)(1) & 416.920a(d)(1).

In making these findings, the ALJ relied primarily on the opinion of Psychological Consultant Nobel. Mr. Nobel assessed that Plaintiff had mild limitations in understanding, remembering, or applying information, and interacting with others, a moderate limitation in concentrating, persisting, or maintaining pace, and no limitations in adapting or managing oneself. The ALJ also gave weight to the opinion of Consultative Examiner Hartman "to the extent it is consistent with his examination," who opined that Plaintiff had mild limitations in concentrating, persisting, or maintaining pace. Tr. at pp. 18 & 357. The ALJ gave "no weight" to the opinion of Guy Windingland, LCSW, due

7

to lack of support in the record and his lack of professional expertise relative to the authors of the other two opinions regarding Plaintiff's mental health. Tr. at p. 18.

The ALJ sufficiently explained why she gave varying weight to the opinions, and there is therefore substantial evidence in the record for her findings of mild and no impairments. *Brown v. Colvin*, 2013 WL 3384172, at *5 (N.D.N.Y. July 8, 2013) ("[T]he ALJ is free to resolve conflicts in the evidence and choose among properly submitted medical opinions."). "It is not the function of the reviewing Court to reweigh the evidence." *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) (citing *Carroll v. Sec. of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)). As such, the ALJ's finding that Plaintiff's mental health conditions are not severe is supported by substantial evidence and is not a cause for remand.

### B. The ALJ's Analysis of Plaintiff's Physical Conditions

*1. Whether the ALJ Substituted Her Opinion for That of Medical Opinions*

Plaintiff next contends that the ALJ substituted her opinion for Plaintiff's treating physician regarding her limitations resulting from stress incontinence and her history of urinary calculi, particularly as to limitations to Plaintiff's work pace and attendance. Pl.'s Mem. of Law at pp. 13-21.

"The ALJ is not permitted to substitute [her] own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Bleil v. Colvin*, 2017 WL 1214499, at *8-9 (N.D.N.Y. Mar. 31, 2017); *Provencher v. Comm'r of Soc. Sec.*, 2017 WL 56702, at *5

(N.D.N.Y. Jan. 5, 2017). In other words,

> an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make the connection himself.

*Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. July 20, 2016) (internal quotation marks omitted) (citation omitted). In limited situations where impairments are relatively simple and mild, an ALJ may be able to "render a common sense judgment about functional capacity even without a physician's assessment"; however, where there is "a relatively high degree of impairment," an ALJ is "unqualified to assess residual functional capacity." *Barnes v. Berryhill*, 2018 WL 1225542, *4 (D. Conn. Mar. 9, 2018); *see also Urban v. Berryhill*, 2017 WL 1289587, at *3 (W.D.N.Y. Apr. 7, 2017).

Here, there are three medical opinions regarding Plaintiff's physical limitations. The ALJ gave little weight to Consultative Examiner Figueroa, who had opined Plaintiff had marked limitations in pushing, pulling, and reaching because of her shoulder pain. Tr. at p. 21. The ALJ gave little weight to FNP Skiadas, who opined that Plaintiff could sit for four hours, stand or walk for thirty minutes, and occasionally lift up to five pounds. *Id.* The only opinion regarding Plaintiff's physical limitations to which the ALJ gave other than "little weight" was that of Dr. Tan, to which she gave "weight." Dr. Tan opined that Plaintiff would be off task between fifteen and twenty percent of the time, and would be absent over four days per month.

9

The ALJ does not fully accept these limitations, instead assigning Plaintiff the limitations of needing to use the restroom every hour during the work day two times per year, and being off-task between fifteen and twenty percent of the time two times per year. Thus, she adopts the restroom frequency and off task time opined by Dr. Tan, but instead of these applying all year as opined by Dr. Tan, she assigns them to two days per year. To reach this conclusion the ALJ "combed" the record for evidence as to the number of exacerbations of Plaintiff's kidney disease. Tr. at p. 20.

Although the ALJ gave Dr. Tan's opinion "weight," she did not adopt his findings in significant ways. It is not clear how, after affording Dr. Tan's opinion weight, the ALJ reached an RFC with limitations so dramatically different than those opined by Dr. Tan. No other medical opinions were offered on the impact of Plaintiff's kidney issues on her ability to work or need to use the restroom while at work. The RFC limitations at issue then are not supported by any medical opinion. "[W]hile an administrative law judge is free to resolve issues of credibility . . . or to choose between properly submitted medical opinions, [s]he is not free to set [her] own expertise against that of a physician." *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see also Pratts v. Chater*, 94 F.3d 34, 37-38 (2d Cir. 1996) ("In a case such as this, where the assessment of disability involves careful consideration of medical evidence, the testimony of the only medical expert must figure prominently in the ALJ's decision making."). As such, the ALJ improperly substituted her opinion for that of a properly submitted medical opinion.

10

This is not a scenario where, because the limitations were so minimal, the ALJ was able to "render a common sense judgment about functional capacity even without a physician's assessment." Rather, the limitation provided by the ALJ is very specific in its application to two days a year, and thus could not have been made on the basis of common sense. By assigning such a specific limitation that is not consistent with any supporting medical opinion, the ALJ improperly substituted her opinion for that of a valid medical opinion.[2]

### 2. *Whether the ALJ Violated the Treating Physician Rule*

Plaintiff contends the ALJ violated the treating physician rule by failing to give Dr. Tan's opinion controlling weight. Pl.'s Mem. of Law at pp. 21-22. The Second Circuit has long recognized the "treating physician rule" set out in 20 C.F.R. §§ 416.927(c) & 404.1527(c). "[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Greek v. Colvin*, 802 F.3d at 375 (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) & 20 C.F.R. § 404.1527(c)(2)) (internal quotation marks omitted). However, there are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent

---

[2] Similarly, Plaintiff contends that the ALJ substituted her opinion by not including any limitations to sitting, standing, or reaching, despite supporting evidence and medical opinions in the record. Pl.'s Mem. of Law at pp. 22-23. On remand, Defendant should also consider whether the record supports such a determination.

11

of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist." *Greek v. Colvin*, 802 F.3d at 375 (internal quotation marks omitted) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)).

After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" *Greek v. Colvin*, 802 F.3d at 375 (quoting *Burgess v. Astrue*, 537 F.3d at 129). However, "[w]here an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation." *Blinkovitch v. Comm'r of Soc. Sec.*, 2017 WL 782979, at *4 (N.D.N.Y. Jan. 23, 2017), *report and recommendation adopted*, 2017 WL 782901 (N.D.N.Y. Feb. 28, 2017) (citing *Atwater v. Astrue*, 512 Fed. Appx. 67, 70 (2d Cir. 2013)). "Although an explicit and 'slavish recitation of each and every factor' is not required, 'the ALJ's reasoning and adherence to the regulation [must be] clear.'" *Colvin on behalf of G.R.K. v. Colvin*, 2017 WL 1167292, at *6 (N.D.N.Y. Mar. 28, 2017) (quoting *Atwater v. Astrue*, 512 Fed. Appx. at 70) (collecting cases). The ALJ must give "good reasons for not crediting the opinion." *Greek v. Colvin*, 802 F.3d at 375 (internal quotation marks omitted) (quoting *Burgess v. Astrue*, 537 F.3d at 129-30).

Here, the ALJ recited that Dr. Tan is "the claimant's urologist," and that he is "a treating doctor with professional expertise." Tr. at p. 20. She thus acknowledged that Dr. Tan was Plaintiff's treating physician, and in stating he is a urologist acknowledged that he is a specialist. She did not explicitly consider the frequency, length, nature, and extent of treatment, however. More concerning, she did not explicitly discuss the amount

12

of medical evidence supporting the opinion and the consistency of the opinion with the remaining medical evidence. Although the ALJ describes the medical evidence that she utilizes to support the limitations she ultimately assigns, she does not describe the amount of medical evidence that supports, or is inconsistent with, Dr. Tan's opinion. "Consequently, the Court finds that the RFC assessment is not supported by substantial evidence. Remand is appropriate in instances, such as this, where the reviewing court is 'unable to fathom the ALJ's rationale in relation to the evidence in the record' without 'further findings or clearer explanation for the decision.'" *Clobridge v. Astrue*, 2010 WL 3909500, at *11 (N.D.N.Y. Sept. 30, 2010). As such, the ALJ violated the treating physician rule in evaluating Dr. Tan's opinion.

### C. The ALJ's Credibility Determination

Plaintiff contends that the ALJ's credibility determination was flawed. Pl.'s Mem. of Law at pp. 23-24. In determining whether a claimant is disabled, the ALJ must also make a determination as to the credibility of the claimant's allegations. "'An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)). The Second Circuit recognizes that "'[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant,'" and that,

13

"[i]f there is substantial evidence in the record to support the Commissioner's findings, 'the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.'" *Schlichting v. Astrue*, 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d at 642; *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)). The ALJ has the benefit of directly observing a claimant's demeanor and "other indicia of credibility" and so the ALJ's credibility assessment is generally entitled to deference. *Weather v. Astrue*, 32 F. Supp. 3d 363, 381 (N.D.N.Y. 2012) (citing *Tejada v. Apfel*, 167 F.3d 770, 776 (2d Cir. 1999)). In order to assess the credibility of the claimant's subjective complaints, the ALJ must consider the following factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3) & 416.929(c)(3).

Here, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. Tr. at p. 20. In her determination, the ALJ recited seven reasons why she finds that Plaintiff's subjective complaints were not credible. *Id.* However, she only discussed some of the symptom-related factors described above, in a cursory manner. *Id.* She only mentioned that Plaintiff cared for her eight-year-old nephew at one time during the period in question, which presumably relates to her daily activities, and briefly discussed Plaintiff's

14

reporting of past kidney issues to her examiners, and that Plaintiff had not sought mental health treatment. *Id.* Because the ALJ did not discuss the majority of the symptom-related factors in any detail, the Court finds the ALJ's credibility analysis also is cause for remand. *See Brownell v. Comm'r of Soc. Sec.*, 2009 WL 5214948, at *4 (N.D.N.Y. Dec. 28, 2009) ("[I]f, after engaging in the two-step analysis, the ALJ is not convinced that the Plaintiff's subjective complaints of pain or limitations are credible he must apply the seven credibility factors set forth [in the regulations].").

### D. The ALJ's Step Four and Step Five Determinations

At Step Four of the sequential analysis, the ALJ found that Plaintiff is capable of performing her past relevant work as a home aide, and at Step Five, found that Plaintiff is not disabled. Tr. at p. 21. Plaintiff contends that the ALJ's finding that Plaintiff can perform past work was not supported by substantial evidence, and that she did not meet her burden at Step Five to demonstrate that there is other work that Plaintiff can perform. Pl.'s Mem. of Law at p. 24. These determinations are both dependent upon the assigned RFC; as a result, it may be necessary for Defendant to re-evaluate the Step Four and Step Five determinations after re-evaluating the RFC.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff benefits is **VACATED** and **REMANDED** pursuant to Sentence Four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Date: March 29, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge